# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cr-00048-TWP-DML |
| ) | |
| CYNTHIA M. ANDERSON (01), ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTIONS *IN LIMINE*

This matter is before the Court on the United States of America's ("Government") three motions *in limine*. This case is scheduled for a jury trial on September 15, 2014. Defendant Cynthia Anderson ("Anderson") is charged in an indictment with multiple counts of wire fraud in violation of 18 U.S.C. § 1343. The Government alleges that Anderson submitted requests for and received unemployment benefits for time periods during which she was actually employed at the IRS Wage and Investment Call Center ("IRS Call Center") in Indianapolis, Indiana. Anderson has not responded to the Government's motions. For the reasons set forth below, the Government's motions are **GRANTED**.

## I. LEGAL STANDARD

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence

contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## II. DISCUSSION

The Government has presented three motions *in limine*, which the Court will address in turn.

### A. Motion to Exclude Potential Penalty in Event of Conviction ([Filing No. 27](#))

The Government requests that the Court exclude reference to the potential penalty—a statutory sentence of 0 to 20 years' incarceration on each count—Anderson will face if convicted. The Government's request is well-founded. Settled law dictates that a jury has no sentencing function, absent imposition of a sentence beyond the statutory guidelines. *See Shannon v. United States*, 512 U.S. 573, 579 (1994); *United States v. Gordon*, 495 F.3d 427, 430 (7th Cir. 2007). Therefore, Anderson may not present evidence to the jury regarding the potential penalty she faces if convicted.

### B. Motion to Exclude Self-Serving Exculpatory Statements ([Filing No. 28](#))

The Government requests that the Court exclude any reference to Anderson's "self-serving, exculpatory statement that she relied on records pertaining to her employment in filing her vouchers for unemployment benefits for weeks during which she was employed by the" IRS. [Filing No. 28, at ECF p. 1](#). The Government contends that such statements are inadmissible hearsay. *See United States v. Jackson*, 780 F.2d 1305, 1313–14 n. 5 (7th Cir. 1986) ("[S]elf-serving declarations are admissible only if they can be either characterized as non-hearsay or if they fall within one of the exceptions to the hearsay rule."). Specifically, the Government refers to Anderson's sworn written statement to Betty Titus, an investigator with the Indiana Department of Workforce Development ("IDWD"). The statement was collected during a noncustodial

interview. Anderson was asked, "Why did you fail to disclose your employment and earnings from [the] IRS when you claimed benefits for [nine specified weekly periods]?" [Filing No. 28, at ECF p. 3](). Anderson responded, "Used my SF 50 copies and my pay records from Natl Finance Center site. [sic] to determine my earnings." [Filing No. 28, at ECF p. 3](). "SF 50" is a standard form that reflects when employees began working for the IRS, were placed on furlough or in pay status, and the date of resignation from the IRS. "Pay records" likely refers to the Statement of Earnings of Leave, which are distributed every two weeks at the end of a pay period. The Government anticipates that Anderson will attempt to rely on these forms as evidence she lacked an intent to defraud.

The Court agrees that Anderson cannot rely on her statement and the jury should not hear evidence regarding the statement. At the time Anderson made her statements, she was aware she was under investigation for submitting false requests, such that the statement was self-serving as an effort to exculpate herself. Anderson has not offered and the Court has not found any that exceptions to the hearsay rules apply; the statement was not an excited utterance, nor is it evidence of state of mind or a present sense impression. Additionally, the statement was not made against Anderson's interest, which is an exception to the hearsay rule if the declarant is unavailable. Finally, the Court agrees that the residual exception under Federal Rule of Evidence 807 does not apply in this circumstance. Anderson is precluded from presenting evidence of her statement that she used her pay records and SF 50 forms.

**C. Motion to Exclude Recovery of Funds Fraudulently Obtained ([Filing No. 32]())**

The Government requests that the Court exclude evidence that the IDWD has recovered the total amount of funds Anderson received. The Court agrees that such evidence is irrelevant to the underlying crime and elements to be proven at trial. The pertinent question is Anderson's guilt

and not whether IDWD has recovered from the alleged fraud. Therefore, Anderson will be precluded from introducing evidence that the IDWD has recovered the full amount she obtained.

### III. CONCLUSION

Accordingly, the Government's Motions *in Limine* ([Filing No. 27](Filing No. 27); [Filing No. 28](Filing No. 28); [Filing No. 32](Filing No. 32)) are **GRANTED**. The Court reiterates that its decision is preliminary. If the parties wish to renew any arguments as the trial unfolds, or if Anderson believes limited evidence becomes relevant or otherwise admissible during trial, they are free to approach the bench and request a hearing outside of the jury's presence. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 9/2/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

James C. McKinley
ATTORNEY AT LAW
jmckinley@justice.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Joe Howard Vaughn
UNITED STATES ATTORNEY'S OFFICE
joe.vaughn@usdoj.gov